IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


JUDY BYARS,                                                                                                                               PLAINTIFF

V.                                                                                                   NO. 2:05V73-EMB

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**                                         **DEFENDANT**


## MEMORANDUM OPINION

Plaintiff Judy Byars seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of Social Security Administration (the "Commissioner"), which denied her application for a Period of Disability, Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Act. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

## Procedural History

Plaintiff filed an application for disability benefits on April 10, 2002, alleging a disability onset date of March 28, 2002. (Tr. 52-54). Her claim was denied initially and on reconsideration, (Tr. 29-39), and a request for hearing was timely filed. (Tr. 40-41). Plaintiff appeared and testified at a hearing before an administrative law judge ("ALJ") on December 2, 2004, in Greenwood, Mississippi. (Tr. 284-314). Plaintiff was represented by an attorney at the hearing. (Tr. 14). After review and evaluation of the medical evidence of record, the subjective testimony at the hearing and the testimony of a vocational expert ("VE"), (Tr. 309-312), the ALJ denied plaintiff's application on December 15, 2004, (Tr. 16-24), finding plaintiff was not disabled as defined in the Act. *Id.*

Plaintiff then filed a Request for Review of Hearing Decision/Order, which the Appeals Council, after considering additional evidence, denied on February 11, 2005. (Tr.5-7). On this action of the Appeals Counsel, the ALJ's decision became the final decision of the Commissioner in this case. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff now seeks judicial review by the district court pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

**Law**

To be considered disabled and eligible for benefits, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices,

§§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

---

[1] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id*. §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id*. §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If she successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

**Statement of Facts**

The plaintiff was born on May 28, 1946, and was 58 years old at the time of the hearing before the ALJ. (Tr. 288). She was 5'3" tall and weighed approximately 185 pounds. (Tr. 289). She completed high school and one year of college. *Id*. She testified she had had some realtor training. *Id*. She was married and had four grown children. (Tr. 288-89).

Plaintiff's past employment included work as a postal clerk, bank teller, cashier and office manager. (Tr. 293-94). Plaintiff last worked in March 2002. (Tr. 16, 76, 293). She alleges she has been disabled since her alleged onset date of March 28, 2002, (Tr. 16, 23), due to severe anxiety and depression impairments, chronic obstructive pulmonary disease (COPD), emphysema, asthma, carpal tunnel syndrome and shingles. (Tr. 63). Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability. (Tr. 17).

**Discussion**

In her Brief, plaintiff suggests the issues before the Court are: 1) whether the ALJ's decision that plaintiff's mental impairments did not preclude the performance of her past relevant employment was supported by substantial evidence where he did not give controlling weight to uncontroverted medical evidence; 2) that the adverse decision of the ALJ was based upon an impermissible selective reading of the record as a whole and did not give consideration to the effects of plaintiff's exertional and non-exertional impairments in combination; 3) that the ALJ substituted his opinion for that of the treating psychiatrists, psychologists and examining physicians of the plaintiff, particularly in his Finding No. 6; 4) that the ALJ did not consider the degree of impairment caused by the combination of plaintiff's severe impairments or the consistency or the diagnoses and treatments which the plaintiff has received; 5) that the ALJ relied on a hypothetical posed to the VE which did not contain the impairments of the plaintiff; and, finally, 6) that the Commissioner failed to consider critical "new and material evidence" submitted to the Appeals Council relative to plaintiff's severe mental impairments, which evidence would have caused a revision by the ALJ of his credibility determinations and would have changed the outcome of the case.

This appeal centers mainly around plaintiff's contention that substantial evidence does not support the Commissioner's determination that her mental impairments were disabling. In support of this contention, plaintiff relies chiefly on the report and opinion of Joe Edwards Morris, Ph.D. Dr. Morris conducted a psychological evaluation of plaintiff in September 2002. (Tr. 277-83). During that evaluation, plaintiff reported quitting her work as manager of a dentist's office due to a nervous breakdown. (Tr. 277). MMPI-2 testing showed a valid profile with results consistent with numerous somatic complaints and severe depression. (Tr. 279). Dr. Morris

indicated diagnoses of major depression disorder of a recurrent nature and moderate to severe panic disorder with agoraphobia. (Tr. 280). He further diagnosed plaintiff with borderline intellectual functioning. *Id*. Dr. Morris concluded plaintiff had a poor or nonexistent ability to relate to co-workers and to deal with the public. (Tr. 281). Similar limitations were indicated for plaintiff's ability to interact with supervisors, deal with work stresses and maintain concentration, as well as deal with complex instructions. (Tr. 282).

As discussed in detail below, plaintiff's inordinate reliance upon the foregoing evidence affords her very little in light of the limited review this Court is required to conduct.

***Issue One***

First, as regards plaintiff's contention that the ALJ erroneously failed to give "controlling weight" to "uncontroverted medical evidence," *see* Plaintiff's Brief at pp. 5-10, plaintiff has failed to make a case. Plaintiff claims the ALJ erroneously failed to consider the report and opinion of Dr. Morris which was submitted by her attorney at the administrative hearing. As discussed in more detail below, this omission is not fatal to the Commissioner's ultimate determination that plaintiff was not disabled.

Plaintiff goes on to contend that notwithstanding Dr. Morris' opinion, the uncontroverted opinions of plaintiff's other doctors weigh in favor of a conclusion that she was indeed disabled. On July 6, 2002, plaintiff underwent a consultative mental status examination conducted by Charles S. Small, Ph.D. (Tr. 235-37). Plaintiff told Dr. Small she had suffered a nervous breakdown and that there were periods where she did not bathe or change clothes. (Tr. 235-36). She also reported she didn't do household chores because it was too painful for her. (Tr. 236). Dr. Small noted plaintiff had depressive reaction with symptoms of pain. (Tr. 237). He also indicated she seemed to have limitations in her ability to make enduring efforts toward repetitive

6

tasks and follow instructions in a timely fashion. (Tr. 237). He stated plaintiff was able to relate adequately enough to others to get her needs met. (Tr. 237). Though he indicated plaintiff's behavior was hypoactive and depressed, he noted she had an average IQ. (Tr. 236).

Plaintiff saw Dr. Milton Hobbs in April and July of 2002. In April, Dr. Hobbs indicated plaintiff had come in "to establish a record." (Tr. 233). Plaintiff reported that she had recently quit her job as an office manager due to stress and that she had been depressed. *Id*. Plaintiff told Dr. Hobbs she had taken Paxil for six years, but had been changed to Celexa. *Id.* Following a physical examination, Dr. Hobbs' impressions included depression and a history of depression/anxiety along with several physical ailments. (Tr. 232). However, in July ( about three days after she had seen Dr. Small) plaintiff reported she felt "much better" and that she and her husband had been working very hard tending to 40 acres of land. (Tr. 231). There was no indication of depression or anxiety. *Id*.

Dr. Richard E. Waller treated plaintiff from October 2001 to January 2002. On October 9, 2001, plaintiff's chief complaint was hypertension. (Tr. 173). Dr. Waller noted plaintiff was on no medications and made diagnoses of hypertension, hypothyroidism, dyslipidemia and diuretic therapy. *Id*. On January 10, 2002, Dr. Waller noted plaintiff was doing well physically but appeared depressed and stressed. (Tr. 167). It was indicated that plaintiff was taking Zoloft. *Id.* Later, on January 25, 2002, plaintiff complained of low back pain. (Tr. 165). Dr. Waller noted plaintiff was on no medications, and indicated she would take Celebrex for her low back pain. *Id.*

In September 2004, Barry Vinick, Ph.D., wrote a letter in which he indicated he had been treating plaintiff since July 2004. (Tr. 265). Dr. Vinick noted he had reviewed Dr. Morris' September 2002 evaluation. *Id.* Dr. Vinick mentioned plaintiff's history of anxiety and depression and that she took psychotropic medication under the supervision of Jim Pang, M.D.

7

*Id*. Dr. Vinick stated he concurred with "the conclusion" that plaintiff's emotional state continued to interfere with her ability to attend and concentrate on a job. (Tr. 266). He also indicated plaintiff's condition rendered her unable to respond to supervision and to interact with co-workers effectively. *Id.*

In November 2004, Dr. Pang also completed a note that stated he agreed with the September 22, 2004 letter from Dr. Vinick, indicating plaintiff was disabled by mental problems. (Tr. 272).

"'The Commissioner is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995) (*quoting Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir.1987)); *see also* 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have .").

In this case, the ALJ expressly rejected the opinions of Drs. Vinick and Pang because neither was supported by records of treatment or any other evidence. (Tr. 21). Furthermore, the record is not clear about when plaintiff initially sought treatment from a mental health care professional. *Id.* Dr. Vinick had been seeing plaintiff only since July 2004, and there was no record of how long plaintiff had been treated by Dr. Pang. *Id.* As regards plaintiff's other physicians, Drs. Waller and Hobbs, the ALJ pointed out that though plaintiff claimed they prescribed medication for her depression and anxiety, Dr. Waller was a family practitioner and Dr. Hobbs was an internest. *Id.*

Plaintiff's contention that the ALJ ignored the opinion of Dr. Small is simply unfounded. The ALJ pointed out that while plaintiff told Dr. Small on July 6, 2002, that she would not bathe or get out of her bed clothes for days and did not engage in any domestic chores, she told Dr.

8

Hobbs only three days later that she felt better since quitting her job and that she and her husband were working very hard, taking care of forty acres of land. (Tr. 22). As such, Dr. Small's report was clearly inconsistent with plaintiff's own report of her daily activities.

Based on the foregoing and the record as a whole, the ALJ properly weighed the medical evidence in this case.

*Issue Two*

Next, plaintiff asks whether the ALJ's determination that she was not disabled was "based upon an impermissible selective reading of the record as a whole." Plaintiff's Brief at p. 10. Only two points raised by plaintiff merit discussion. First, plaintiff essentially argues the ALJ erroneously discredited Dr. Vinick's report because it agrees with and adopts the opinions expressed in Dr. Morris' report. *Id.* at 11. Second, plaintiff argues the ALJ failed to consider and did not refer to Dr. Morris' report in his opinion. *Id.*

For the reasons set out above, the ALJ properly weighed Dr. Vinick's report. And, as discussed more fully below, because the Appeals Counsel considered Dr. Morris' opinion and found no need to reverse the ALJ's decision, no reversible error was committed in this instance.

*Issue Three*

Under this issue, plaintiff suggests the ALJ's decision was not supported by substantial evidence because the ALJ substituted his opinion for those of plaintiff's treating and examining physicians. Plaintiff's Brief at pp. 12-17. This assignment of error is essentially a repeat of Issue One and is, likewise, without merit. Again, the record indicates the ALJ acted completely within his discretion in rejecting the opinions of plaintiff's treating and examining physicians regarding her mental impairments. Furthermore, the ALJ specifically stated he accepted the state agency consultant's opinion regarding the severity of plaintiff's affective and anxiety related disorders.

9

(Tr. 21, 238-250). Thus, the ALJ's RFC determination was based upon substantial evidence in the record.

### *Issue Four*

Under Issue Four, plaintiff essentially disputes whether the ALJ considered the combined effects of her severe impairments. This issue is without merit because the ALJ's opinion expressly indicates he considered both the effects of plaintiff's COPD and anxiety related disorders in determining her RFC. (Tr. 22).

### *Issue Five*

Here, plaintiff disputes whether the ALJ's determination that she could return to her past work was based on an erroneous hypothetical posed to the VE. Plaintiff's Brief at 19. Specifically, plaintiff contends that in accordance with Dr. Morris' report, she had at most a poor to no ability to deal with work stresses, interact with supervisors and maintain concentration. *Id*. at 19-20. She goes on to argue that the ALJ's hypothetical question regarding a person with a fair ability to function in these occupational circumstances exceeded her abilities as reported by Drs. Morris, Vinick and Pang.

As discussed above, the ALJ was within his discretion to reject the opinions of Drs. Vinick and Pang. Furthermore, the ALJ's failure to consider the opinion of Dr. Morris is not a ground for reversal inasmuch as the Appeals Council considered that evidence and found no reason to reverse.

### *Issue Six*

Under this Issue, plaintiff continues her argument that the ALJ committed error when he failed to consider Dr. Morris' report prior to making his decision. She further argues the Appeals Council also failed to consider this "new" evidence. Having thoroughly considered this record, I find the ALJ did not consider Dr. Morris' report. However, the ALJ's omission is not fatal to the

Commissioner's ultimate determination that plaintiff was not disabled.

In its' Notice of Appeals Council Action, the Appeals Council denied plaintiff's request for review of the ALJ's hearing decision and specifically stated it had considered the additional evidence submitted by plaintiff. (Tr. 5, 8). This additional evidence included a letter from plaintiff's attorney, William E. Trusty, Esq., dated December 28, 2004, and consisted of nine pages. (Tr. 8, 275-83). Seven of those nine pages included Dr. Morris' Confidential Psychological Evaluation and Medical Assessment of Ability to Do Work Related Activities. (Tr. 277-283).

Having considered Dr. Morris' report, the Appeals Council found no reason to change the ALJ's decision. (Tr. 5). Social security regulations expressly authorize a claimant to submit "new and material" evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). However, the submission of new and material evidence does not require the Appeals Council to grant review of the decision. *See Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir.2001). "On the contrary, the regulations provide that the Appeals Council will grant review only if it finds that the ALJ's decision 'is contrary to the weight of the evidence currently of record.'" *Id.* (quoting 20 C.F.R. 404.970(b)). If the new evidence relates to a period before the ALJ's decision, the Appeals Council "shall evaluate the entire record including the new and material evidence submitted . . . [and] then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *See* 20 C.F.R. § 404.970(b) (emphasis added); *see also id.* § 416.1470(b).[2]

---

[2]Title 20 C.F.R. § 404.970 reads as follows: (b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it

11

In this case, while Dr. Morris' September 2002 report relates to the relevant period, it is not consistent with other credible evidence of record. For example, Dr. Morris found plaintiff had borderline intellectual functioning. (Tr. 280). As defendant points out, this is clearly out of line with plaintiff's work history which included positions as a bank teller and office manager. Additionally, the finding is also out of line with Dr. Small's finding that plaintiff had an average IQ. (Tr. 97-101). Furthermore, though not included among his diagnoses, Dr. Morris indicated plaintiff probably suffered from a somatoform disorder (i.e., she was a hypochondriac). (Tr. 279). Finally, as mentioned by the ALJ, there is no record whatsoever of treatment for the entire year of 2003. (Tr. 22). Based on this and the fact that the Appeals Council expressly stated it considered the additional evidence, plaintiff's Issue Six is without merit.

**Conclusion**

Based on the foregoing, I find that substantial evidence supports the Commissioner's decision that plaintiff was not disabled for purposes of the subject application for benefits. Accordingly, the Commissioner's determination of no disability and the denial of benefits should be affirmed. A final judgment consistent with this opinion will be entered.

**THIS**, the 15th day of August, 2006.

**/s/ Eugene M. Bogen**
**U. S. MAGISTRATE JUDGE**

---

relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.